# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RALPH RHODES, #120569, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 17-00387-WS-B |
| ERIC PETERS, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

Plaintiff Ralph Rhodes, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Complaint. (Doc. 1).**

Rhodes names Eric Peters, a supervisor for Alabama Correctional Industries at the Holman Tag Plant, as the sole Defendant. (Doc. 1 at 5). In his relatively brief complaint, Rhodes alleges that Defendant Peters violated his rights under the

Eighth and Fourteenth Amendments, the Equal Protection Clause, and the Americans with Disabilities Act when Defendant suddenly fired him from his job on April 28, 2017. (Id. at 4-5). According to Rhodes, he was hired to work in the tag plant in 2000. (Id.).

Rhodes attached to his complaint a health services communication form, dated February 21, 2017. (Id. at 5, 8). The form reflects that Rhodes received a work restriction prohibiting him from using his left arm and from lifting over five pounds. (Id. at 5, 8). The form also indicates that Rhodes requires orthopedic shoes. No other information was listed. (Id. at 8). Rhodes maintains that his job in the tag plant only required the use of his right hand, which is not restricted. (Id.). He also asserts that Defendant did not provide a medical reason for firing him or state that his left-arm limitation prevented him from performing his job. (Id. at 5). For relief, Rhodes requests $100,000.00, back pay, reimbursement for the filing fee and court costs, and the termination of Defendant Peters. (Id.).

In addition to describing his claim, Rhodes answered the questions on the Court's complaint form about whether he filed, in state or federal court, a lawsuit with the same or similar facts or a lawsuit relating to his imprisonment. (Id. at 3). Rhodes answered "no" to both questions. (Id.). He then proceeded to sign his complaint under penalty of perjury thereby stating that

2

the facts in his complaint were true and correct.  (Id. at 7).

Contrary to the representations in Rhodes' complaint, PACER (Public Access to Court Electronic Records)[1] reveals that Rhodes previously filed five § 1983 actions, namely, Rhodes v. Houston Cty. Jail, 1:1992cv01491 (M.D. Ala. 1994); Rhodes v. Nagel, 2:1994cv00651 (N.D. Ala. 1994); Rhodes v. Nagel, 2:1994cv01351 (N.D. Ala. 1994) (frivolous); Rhodes v. Nagle, 2:1994cv01554 (M.D. Ala. 1994); and Rhodes v. Dees, 2:1996cv02826 (N.D. Ala. 1996) (frivolous).  Furthermore, Plaintiff previously filed two habeas actions, Rhodes v. Alabama, 1:1994cv00878 (M.D. Ala. 1995); and Rhodes v. Hightower, 1:1995cv01579 (N.D. Ala. 1995).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Rhodes is proceeding *in forma pauperis*, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, *inter*

---

[1] The Court takes judicial notice of PACER's U.S. Party/Case Index available at *http://pacer.psc.uscourts.gov*.  FED.R.EVID. 201(b) (providing that the court can take judicial notice of facts "not subject to reasonable dispute ... [that] can be accurately ... determined from sources whose accuracy cannot reasonably be questioned"); see Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of PACER).

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  Bilal v.

3

*alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

---

Driver, 251 F.3d 1346, 1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

4

When considering a *pro se* litigant's allegations, a court gives them a liberal construction and holds them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

**A. Complaint Due to Be Dismissed as Malicious.**

Because Rhodes is proceeding *in forma pauperis*, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(i) to dismiss his complaint if it is malicious.  An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a court complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes

5

abuse of the judicial process warranting dismissal of the case without prejudice." Thompson v. Quinn, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), adopted, 2013 WL 45259 (N.D. Fla. 2013); see Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form)[3]; Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

not understand the form); Shelton v. Rohrs, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and that his records were inaccessible).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and thereby preventing the plaintiff from re-filing the action. Stephenson v. Warden, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); see Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

In the present complaint, Rhodes affirmatively represented that he had not filed any prior lawsuits about his imprisonment.

7

(Doc. 1 at 3). However, as noted *supra*, an examination of PACER reflects that Rhodes previously filed five § 1983 cases which he did not list. Thus, he knowingly chose not to list these five prior actions and then proceeded to sign his complaint under penalty of perjury. (Id. at 7). Accordingly, the Court finds that Rhodes's behavior constitutes an abuse of the judicial process that warrants the dismissal of this action as malicious pursuant to § 1915(e)(2)(B)(i), and that the dismissal should be counted as a strike for § 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike), cert. denied, 562 U.S. 1013 (2010); Rivera, 144 F.3d at 731, 799 (affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month).

Moreover, if this action is dismissed, Rhodes would be able to re-file it. That is, in Alabama, the statute of limitations for filing a § 1983 action is two years from when the claim accrues. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch

8

as Rhodes asserts that the complained of act occurred on April 28, 2017 (Doc. 1 at 4), the statute of limitations has not expired on his claim, and he can re-file his action, if he so elects. Accordingly, this action should be dismissed without prejudice as malicious.

   B. **Complaint Due to Be Dismissed Pursuant to 42 U.S.C. § 1997e(e).**

In addition to Rhodes' action being dismissed for the foregoing reason, 42 U.S.C. § 1997e(e) provides an alternate basis for dismissal. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (finding the district court had the authority to dismiss a complaint pursuant to § 1997e(e) based on 28 U.S.C. § 1915(e)(2)(B)(ii)). Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages

9

remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" id. at 1289, and nominal damages. Brooks v. Warden, 800 F.3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004). This statute encompasses all claims with no exceptions being provided. Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). Nor does the mental or emotional injury need to be pled in order for the statute to be applicable. Id. at 1197 & n.5 (otherwise a prisoner's pleading or not pleading of mental or emotional injury would achieve extraordinary importance and lead to illogical results). In order

10

to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than *de minimis*." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002).

In the present action, Rhodes filed his action while he was incarcerated and requested $100,000.00, back pay, reimbursement for the filing fee and court costs, and the termination of Defendant. (Id. at 7). The firing by Defendant, as Plaintiff describes it in his request, is not within the federal court's authority. Newman v. Alabama, 559 F.2d 283, 288 (5th Cir.) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), cert. denied, 438 U.S. 915 (1978); Harris v. Whitehead, 2007 WL 2300964, at *1 (M.D. Ala. 2007) (unpublished) (holding that the federal court had no authority to discharge prison officials as that decision was for the supervisors to make); Body v. Thornton, 2013 WL 1915014, at *5 (S.D. Ala. 2013) (unpublished)("A federal court does not involve itself in a defendant's employment relationship with his employer."). Thus, Rhodes' request to terminate Defendant's employment is without merit and is due to be dismissed as frivolous.

All that remains are Rhodes' requests to be compensated with

11

money in amounts that are greater than one dollar. (Doc. 1 at 7). In his allegations, Rhodes identified no physical injury that he sustained. However, in order for his claims for compensatory or punitive damages to proceed, Rhodes must demonstrate that he suffered a physical injury that is greater than *de minimis*. Mitchell, 294 F.3d at 1313. Because Rhodes did not allege that he suffered a physical injury, § 1997e(e) bars his claims for compensatory and punitive damages. Thompson v. Adamson, 247 F. App'x 179, 179-180 (11th Cir. 2007)(unpublished) (affirming the 42 U.S.C. § 1997e(e) dismissal of the complaint challenging the withholding of the inmate's "Self Help Litigation Manual" because no physical injury was alleged); Holifield v. Mobile Cty. Sheriff's Dep't, 2008 WL 2246961, at *4 (S.D. Ala. 2008) (unpublished) (holding that 42 U.S.C. § 1997e(e) barred an HIV inmate's federal claims challenging, among other things, his probation revocation, as he did not have a physical injury); Lakes v. States Bd. of Pardons & Paroles, 2006 WL 870424, at *2 (N.D. Ga. 2006) (unpublished) (finding, among other things, that 42 U.S.C. § 1997e(e) barred her claim challenging her parole revocation as no physical injury was present).

Section 1997(e) permits the recovery of nominal damages even when no physical injury is demonstrated. Brooks v. Warden, 800 F.3d 1295, 1308 (11th Cir. 2015); Hughes v. Lott, 350 F.3d 1157,

12

1162 (11th Cir. 2003). Nominal damages, however, should not exceed one dollar. Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978); see Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (unpublished) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, 2010 WL 4916716, at *4 (D.N.J. 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Magnett v. Pelletier, 488 F.2d 33, 35 (1st Cir. 1973) (finding that $500 cannot be regarded as nominal damages because nominal damages are a mere token). Considering that Rhodes' requests were specific requests to be compensated ($100,000.00, back pay, filing fees, and court costs), and were not shown to be in the nature of a token or one dollar, the Court cannot construe from his damages requests a request for nominal damages. See Ringgold v. Federal Bureau of Prisons, 2007 WL 2990690, at *5 & n.5 (D.N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was *de minimis* and the plaintiff sought "compensatory

damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); Qualls v. Santa Rosa Cty. Jail, 2010 WL 785646, at *3 n.1 (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"),[4] adopted, 2010 WL 1138822 (N.D. Fla. 2010) (unpublished).

However, if the Court were to construe Rhodes' requests as including nominal damages, section 1997e(e) does not preclude nominal damages where a violation of a constitutional right has been shown even when no physical injury is present. Brooks, 800 F.3d at 1308. In this instance, the allegations do not show a violation of the Constitution, albeit the Eighth and Fourteenth Amendment and the Equal Protection Clause, in Rhodes' continuing employment. That is, an inmate does not have a liberty or property interest in continuing employment in particular job at a prison. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (no liberty or property interest in continuing UNICOR job); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (no property interest in retaining position as a prison law clerk);

---

[4] The Qualls court cited to an unpublished Eleventh Circuit opinion, Sears v. Rabion, No. 03-13558, 97 F. App'x 906 (Table) (11th Cir. Feb. 18, 2004), which affirmed the district court's *sua sponte* dismissal pursuant to § 1997e(e), noting that the complaint could not be liberally construed because the plaintiff specifically requested compensatory and punitive damages. 2010 WL 785646, at *3 n.1.

Adkins v. Albright, 2016 WL 958268, at *4 (M.D. Ala. 2016) (no right to a particular job in prison); Boglin v. Weaver, 2001 WL 228172, at *5 (S.D. Ala. 2001) (finding no protectable interest in inmate's "free-world" job).

In addition, Rhodes alleges a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. It has been determined that the ADA applies to correctional institutions. Pennsylvania Dep't of Corrs. v. Yeskey, 524 U.S. 206, 212, 118 S.Ct. 1952, 1956, 141 L.Ed.2d 215 (1998). "[T]o establish a prima facie case of disability discrimination under the ADA, a plaintiff must show that: (1) he is disabled; (2) he was a qualified individual at the relevant time; and (3) he was discriminated against because of his disability." Adkins v. Albright, 2016 WL 958268, at *4 (M.D. Ala.) (quoting Wood v. Green, 323 F.3d 1309, 1312 (11th Cir.), cert. denied, 540 U.S. 982 (2003)). In order to recover on a disparate-treatment case, it must be shown that "the protected trait ... actually motivated the employer's decision." Raytheon Co. v. Hernandez, 540 U.S. 44, 52, 124 S.Ct. 513, 519, 57 L.Ed.2d (2003).

Here, Rhodes contends that Defendant did not provide a medical reason for firing him or state that his left-arm disability prevented him from performing his job. (Doc. 1 at 5). These statements do not suggest that Rhodes was discharged due to his

15

disability, and Rhodes provides no other facts in the complaint that suggest he was terminated due to his disability. As a consequence, Rhodes has not stated a claim for a violation of the ADA. See Hatcher v. Bentley, 2017 WL 2661710, at *6-8 (applying § 1997e(e) to an inmate's ADA claim), adopted, 2017 WL 2661642 (M.D. Ala. 2017); see Robinson v. Corrections Corp. of America, 14 F. App'x 382, 383-84 (6th Cir. 2001)(same); Cassidy v. Indiana Dep't of Corrs., 199 F.3d 374 (7th Cir. 2000) (same).

Accordingly, the Court finds that 42 U.S.C. § 1997e(e) precludes Rhodes' action from proceeding because compensatory and punitive damages are not recoverable due to the absence of a physical injury and nominal damages were not requested and cannot be construed, but if nominal damages had been requested or were able to be construed, violations under the Constitution and the ADA are not present upon which a recovery could be had. As a result, the Court finds that Rhodes has failed to state a claim upon which relief can be granted, and his complaint is due to be dismissed without prejudice on this alternate ground. Napier v. Preslicka, 314 F.3d at 532 (a dismissal pursuant to 42 U.S. C. § 1997e(e) should be without prejudice in order to allow the prisoner once released to litigate his claim).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this

action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or in the alternative, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

17

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **May, 2018.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

I